IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUONG GILMER GIACCIO, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-2469-B-BW | |
| § | | |
| RAY DAVIS, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Huong Gilmer Giaccio's amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239 Long Form), received on August 5, 2025. (Dkt. No. 19.) Based on the relevant filings and applicable law, the Court should **DENY** the amended application and dismiss this case without prejudice unless Giaccio pays the $405.00 filing and administrative fees by September 18, 2025, or by some other deadline established by the Court.

## I. LEGAL STANDARDS AND ANALYSIS

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when she submits an affidavit establishing her financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). To determine whether the payment of fees would cause undue

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for judicial screening.

financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, by order dated August 4, 2025, the Court notified Giaccio that her filings did not provide sufficient information to decide whether IFP status was appropriate and stated that the filings were incomplete or inconsistent, both internally and with one another, as to Giaccio's income, assets, and expenses. (*See* Dkt. No. 17.) The order directed Giaccio to submit an amended IFP application within 14 days that explained the inconsistencies in her IFP filings and provided full responses to each request for information. (*See id.*) On August 5, 2025, Giaccio requested an 8-day extension of the deadline to respond to the August 4 order, which the Court granted. (*See* Dkt. Nos. 18, 20.) The same day, instead of the form amended IFP application ordered by the Court, Giaccio filed her version of the requested IFP application, along with supporting documents, and on August 18, 2025, she filed a notice confirming that she complied with the Court's August 4 order. (*See* Dkt. No. 19 at 3-9; Dkt. No. 52.)

In her amended IFP application, Giaccio states that she receives $2,000 in support per month from family, has $100 in cash, and $300 in bank accounts. (*See* Dkt. No. 19 at 3.) Her spouse is employed by the United States, but Giaccio does not provide information about his income, stating instead, without explanation, that it is unknown. (*See id.*) She owns a car and a house with a mortgage of $1,491 per month, and she provides a copy of her and her husband's July 2025 mortgage

statement confirming a monthly payment of $1,491; she does not list the value of the vehicle or her home. (*See id.* at 3, 7.) Giaccio also reports monthly expenses of $2,400 for mortgage/rent, $300 for utilities, $500 for food, $250 for transportation, $100 for medical, and $200 for "Other (court fees, etc.)," for estimated monthly expenses totaling $3,750. (*Id.* at 3-4.) She also states that her debts and financial obligations include a mortgage balance of approximately $300,000, credit card debt of approximately $5,000, and Carrollton Municipal Court fines of approximately $19,000. (*See id.* at 4.) She also identifies a 23-year-old son as a dependent.[2] (*See id.* at 4.)

     Giaccio's stated monthly expense of $2,400 for mortgage/rent is nearly $1,000 more than the mortgage payment amount listed in her assets and reflected in her mortgage statement; Giaccio offers no explanation for the surplus. (*See id.* at 3-4, 7.) The Court also notes that, based on the mortgage statement attached to her amended IFP application, Giaccio also overstates her principal mortgage balance by approximately $100,000. (*See id.* at 4, 7.) As for her other stated debts and financial obligations, her application does not indicate any required monthly payments for such. (*See id.* at 4.)

     Here, the amended IFP application contains inconsistencies and select omissions relevant to the IFP determination, which cuts against Giaccio's burden of establishing entitlement to proceed IFP. *See, e.g.*, *Linwood v. Finance America, LLC*,

---

[2] Giaccio's son is not listed as a dependent for tax purposes on the 2024 Form 1040 attached to her amended IFP application. (*See* Dkt. No. 19 at 5.)

No. 3:24-CV-01963-B (BT), 2024 WL 3682299, at *1 (N.D. Tex. Aug. 6, 2024). For instance, in evaluating a plaintiff's IFP application, "it is appropriate to consider a spouse's income," which information Giaccio has elected not to provide. *Elliot v. Chase Bank*, No. 4:12-CV-324-A (BJ), 2012 WL 2354424, at *1 (N.D. Tex. May 24, 2012) (citation and internal quotation marks omitted), *rec. adopted*, 2012 WL 2354444 (N.D. Tex. June 20, 2012); *see also Duru v. Georgia*, No. 3:15-CV-1884-B-BN, 2015 WL 4366867, at *2 (N.D. Tex. July 15, 2015) ("Whether the litigant is unable to pay the costs associated with initiating a lawsuit, moreover, . . . depends in part on the litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." (cleaned up)). Additionally, although Giaccio did not provide the value of her vehicle or home, "[c]ourts have denied IFP applications even where the plaintiffs' expenses exceed their income because the plaintiffs had other assets."[3] *Lansford v. Laredo College*, No. 5:23-CV-00045, 2023 WL 4669685, at *2 (S.D. Tex. June 28, 2023), *rec. adopted*, 2023 WL 4670303 (S.D. Tex. Jul. 20, 2023).

Based on this information, the Court should find that Giaccio has failed to satisfy her burden to show that payment of the $405.00 filing and administrative fees would cause her undue financial hardship. Accordingly, the Court should deny her amended application to proceed IFP.

---

[3] Giaccio previously represented that her home was valued at $500,000. (*See* Dkt. No. 4 at 3.)

## II.  RECOMMENDATION

The Court should **DENY** the amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239 Long Form), received on August 5, 2025 (Dkt. No. 19), and dismiss this case without prejudice unless Giaccio pays the $405.00 filing and administrative fees by September 18, 2025, or by some other deadline established by the Court.

**SO RECOMMENDED** on August 28, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).